{¶ 29} Respectfully, I dissent.
 {¶ 30} The starting point for any analysis regarding a tort claim against a governmental entity is determining whether the entity is immune from liability. The analysis is three-tiered. Cater v. Cleveland (1998),83 Ohio St.3d 24, 28. First, R.C. 2744.02(A) provides that municipalities are generally not liable for injury, death or loss to person or property incurred in connection with the performance of a governmental or proprietary function.[1] This broad grant of immunity is subject to five exceptions contained in R.C. 2744.02(B): (1) negligent operation of a motor vehicle by a City employee; (2) negligent conduct of employees while carrying out a proprietary function; (3) a municipality's failure to keep roads and sidewalks free from nuisance; (4) injury or loss that occurs on or within buildings used for governmental functions and is caused by the negligence of the municipality's employees; and (5) any other situation in which liability is expressly imposed by the Revised Code. If a plaintiff demonstrates that one of the five enumerated exceptions to governmental immunity applies, a political subdivision may then assert one of the defenses set forth in R.C. 2744.03(A) to revive its immunity.
 {¶ 31} The majority makes no finding that any of the exceptions to immunity set forth in R.C. 2744.02(B) apply. Accordingly, pursuant to R.C. 2744.02(A), the City is immune from liability.
 {¶ 32} Nevertheless, the majority concludes that the City is not immune because "R.C. 2744.03(A)[6] grants immunity to a municipality's employees only if they were acting within the scope of their `official responsibilities' and without malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 33} As noted above, however, R.C. 2744.03(A) deals with defenses that can be asserted by a political subdivision to reinstate immunityafter one of the exceptions to immunity set forth in R.C. 2744.02(B) is found to apply. Here, because none of the exceptions apply, the defenses set forth in R.C. 2744.03(A) "never even come into play." Miller Plumbing Heating Co. v. Chagrin Falls (Dec. 10, 1998), Cuyahoga App. No. 74592, citing Farra v. Dayton (1989), 62 Ohio App.3d 487, 497. Indeed, as this court specifically found in Krokey v. Cleveland (2001),146 Ohio App.3d 179, 184, liability may not be imposed pursuant to R.C. 2744.03(A)(6) when none of the exceptions to immunity set forth in R.C. 2744.02 apply.
 {¶ 34} Moreover, the record is clear that appellant sued only the City; he did not sue any City employees in their individual capacities. "R.C. 2744.03(A)(6) refers only to the immunity of an employee of a political subdivision * * *." Krokey, supra. Therefore, R.C. 2744.03(A)(6) is not applicable to appellant's claims.
 {¶ 35} Likewise, the majority's conclusion that the City acted with malicious purpose or in bad faith in demolishing appellant's house because it had "constructive notice" of the significant sums of money he had invested in repairing the home is not relevant to whether or not the City is immune. The fact that appellant put a substantial amount of money into the house without curing the condemnation is unfortunate, but does not undermine the City's immunity.
 {¶ 36} No one, including appellant, has argued that Councilman Willis had authority, apparent or otherwise, to bind the City to the purchase of the property. The evidence is clear and unrebutted that appellant stopped making repairs to the condemned property that he purchased for $12,000 when he believed that a developer would purchase the property "as is" for $70,000. While the interlude with Councilman Willis explains why
appellant stopped making repairs, it does not excuse his failure to continue making repairs. Appellant's mistaken belief that he could sell the property to the City without making further repairs is again unfortunate, but likewise immaterial to the issue of the City's immunity.
 {¶ 37} Finally, appellant's due process and takings claims are insufficient to overcome the City's immunity. See Bram v. Cleveland
(1993), 97 Ohio App.3d 719; Fifth Urban, Inc. v. Bd. of Bldg.Standards (1974), 40 Ohio App.2d 389.
 {¶ 38} Accordingly, because none of the exceptions set forth in R.C.2744.02(B) apply, I would find that the City is immune from suit pursuant to R.C. 2744.02(A)(1) and, therefore, the trial court properly granted summary judgment in favor of the City.
[1] Building inspections and the taking of actions in connection with such inspections, including demolition to abate a nuisance, constitute a governmental function. Stanton v. Cleveland (Dec. 11, 2003), Cuyahoga App. No. 82614.